UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDY L. TOSCANO FERNANDEZ,

    Petitioner,

v.                                         Case No.: 2:18-cv-650-FtM-99UAM

STATE OF FLORIDA, ATTORNEY
GENERAL and DISTRICT
DIRECTOR U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Freddy L. Toscano Fernandez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed on September 13, 2018. No response in opposition has been filed.

## **BACKGROUND**

Petitioner is a native of Cuba and a lawful permanent resident in the United States. Petitioner immigrated to the United States on August 12, 1980, as part of the Mariel boat lift. Petitioner received legal status, was paroled, and released from custody. Petitioner was convicted of crimes including burglary of an occupied dwelling and petit theft,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

possession of cocaine, and assault on a law enforcement officer/firefighter and driving without a license. Petitioner was subsequently ordered deported.

Petitioner was detained at Glades County Detention Center pending deportation to Cuba. However, ICE failed to deport Petitioner to Cuba because there is no formal or informal repatriation agreement between Cuba and the United States. On July 9, 2019, the Court was informed by the Department of Justice that Petitioner was released from ICE custody to an Order of Supervision on November 14, 2018.

## DISCUSSION

For the reasons set forth below, the Court concludes that this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

However, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his

2

application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).

Here, Petitioner does not challenge the underlying deportation order. Instead he only seeks release from ICE custody to an Order of Supervision. Therefore, when Petitioner was released from ICE custody to an Order of Supervision, his claim was resolved. Because Petitioner was released from custody pending removal from the United States, the chances of his extended detention happening again are too speculative to create a controversy enough to support a claim for relief, and the exception to the mootness doctrine does not apply. *See Ijaoba v. Holder*, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, at *1 (N.D. Ala. 2013) (holding "[s]ince the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.").

Since the Court can no longer give Petitioner any meaningful relief, his § 2241 Petition is moot and "dismissal is required because mootness is jurisdictional." *See Al Najjar*, 273 F.3d at 1336, 1253; *Riley v. I.N.S.*, 310 F.3d 1253 (10th Cir. 2002) (release from detention to an Order of Supervision moots a petitioner's challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien to an Order of Supervision who challenged only his extended detention mooted

§ 2241 habeas petition because the alien "achieved the result he sought in his habeas petition").

Accordingly, it is now

**ORDERED:**

1. Freddy L. Toscano Fernandez Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED as moot.**

2. The Clerk of Court shall enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:
All Parties of Record

4